# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BYC, INC, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT'S BROKEN YOLK RESTAURANT, an unknown Massachusetts business entity,<br><br>    Defendant. | Case No. 1:16-cv-10476<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br>**(2) FALSE DESIGNATION OF ORIGIN;**<br>**(3) M.G.L. c. 93A**<br>**(4) CALIFORNIA BUSINESS CODE §§ 17200,** *et seq.***;**<br>**(5) MASSACHUSETTS COMMON LAW UNFAIR COMPETITION;**<br>**(6) CALIFORNIA COMMON LAW UNFAIR COMPETITION; and**<br>**(7) TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BYC, INC. ("BYC") for its claims for relief against Defendant ROBERT'S BROKEN YOLK RESTAURANT ("Defendant") alleges as follows:

## I. NATURE OF ACTION AND RELIEF SOUGHT

1. Plaintiff BYC is the owner of all common law rights and federally registered marks related to the "BROKEN YOLK" mark, including, but not limited to, name, logo and trade dress associated with the famous Broken Yolk Café.

2. Specifically, BYC is the owner of all national common law rights to the name "BROKEN YOLK" and is the owner of the following three federally registered trademarks:

- "THE ORIGINAL BROKEN YOLK CAFE 'WE'VE GOT HUEVOS!'" service mark as formally registered with the United States Patent and Trademark Office ("USPTO") on April 8, 2008, with Registration No. 3,408,265 and attached hereto as Exhibit "A."

- "BROKEN YOLK CAFE" service mark as formally registered with the USPTO on May 5, 2009, with Registration No. 3,615,531 and attached hereto as Exhibit

1

"B."

- "BROKEN YOLK" service mark as formally registered with the USPTO on March 13, 2012, with Registration No. 4,111,776 and attached hereto as Exhibit "C." ("BROKEN YOLK" is hereinafter referred to as the "Service Mark.")

3. This action arises out of Defendant's marketing, advertising and sale of goods and services in the restaurant industry using the "BROKEN YOLK" trademark. By advertising and marketing itself as "BROKEN YOLK" and at times "ROBERT'S BROKEN YOLK RESTAURANT", Defendant has committed federal trademark infringement, trade dress infringement, false designation of origin, federal trademark dilution and unfair competition.

4. Prior to filing this action, a representative of BYC notified Defendant of BYC's ownership of the "BROKEN YOLK" trademark rights and the Service Mark and requested Defendant cease use of its phonetically identical name "BROKEN YOLK," but Defendant refused and to date continues to market and advertise its business and products under the "BROKEN YOLK" name. As a result, Defendant's use of "BROKEN YOLK" constitutes willful trademark infringement and/or willful dilution of the Service Mark and trademark rights.

5. By filing this action, BYC seeks provisional and permanent injunctive relief enjoining Defendant from any further marketing of itself or its products bearing the confusingly similar mark "BROKEN YOLK" and further seeks damages, including treble damages, resulting from Defendant's wrongful actions.

## II. JURISDICTION AND VENUE

6. This Complaint arises under §§ 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c), as amended, and the statutory and common laws of the State of California and the Commonwealth of Massachusetts.

7. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has related claim jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

8. This Court has jurisdiction and venue over Defendant pursuant to 28 U.S.C. §

1391(b) and (c) as Defendant resides in the United States District Court for the District of Massachusetts and a substantial part of the events giving rise to BYC's claims against Defendant occurred in the district, including substantial marketing, advertising, sales, and a physical location all using the infringing marks.

### III. PARTIES

9. BYC is a corporation duly organized under the laws of the State of California.

10. BYC is informed and believes, and on that basis alleges, that Defendant "ROBERT'S BROKEN YOLK" is an unknown Massachusetts entity. BYC is informed and believes Defendant operates out of a restaurant under the name "ROBERT'S BROKEN YOLK" at 251 Broadway, Suite 5, Malden, Massachusetts.

### IV. COMMON ALLEGATIONS FOR ALL CLAIMS

11. BYC owns all intellectual property related to Broken Yolk Café, a well-known breakfast restaurant franchise based out of San Diego, California with seventeen current locations throughout the southwest and a growing national presence with new locations opening in Florida. Broken Yolk Café first began operation in 1979. BYC, which was incorporated in California in 2001, is the holder of Broken Yolk Café's intellectual property, which is then licensed to BYC Franchising, LLC for operation of the various Broken Yolk Café franchises. Broken Yolk Café advertises, markets and distributes products under three federally-registered trademarks, including the "BROKEN YOLK" Service Mark. Broken Yolk Café, through BYC, has spent significant time and expense developing extensive goodwill in its trademarks and Service Mark within the industry and its clientele.

12. BYC is the owner of the three active federal trademark registrations identified in Exhibits A, B, and C, as well as nationwide common law trademark rights for the "BROKEN YOLK" mark. All three federal registrations are registered for café-restaurants and restaurant services, while the Service Mark "BROKEN YOLK" is also registered for coffee mugs, shot glasses, hats, jackets, sweatshirts, t-shirts, and tank tops.

13. Prior to the wrongful acts of Defendant complained herein, the Broken Yolk Café

franchises and BYC have for many years continuously marketed, advertised, and offered for sale, and sold, a variety of products bearing the "BROKEN YOLK" marks and Service Mark. The "BROKEN YOLK" marks and Service Mark have played a significant role in the restaurant's success.

14. Broken Yolk Café and BYC market and advertise BYC's services and products in print, online and through other media. In their marketing and advertising, Broken Yolk Café and BYC use their trademark "BROKEN YOLK" and Service Mark to attract and maintain clientele. BYC advertises the Broken Yolk Café nationally, and many of the restaurant's customers at its locations are tourists who seek out and identify the restaurant's services through BYC's national advertising.

15. The "BROKEN YOLK" marks and Service Mark, by virtue of substantial use and promotion, have acquired great value as an identifier of Broken Yolk Café's products, distinguishing Broken Yolk Café from other restaurants.

16. As a result of Broken Yolk Café and BYC's extensive advertising, Broken Yolk Café is readily recognized in the industry and distinguished from other restaurants by the "BROKEN YOLK" trademarks and Service Mark.

17. Defendant operates a restaurant in Malden, Massachusetts employing the "BROKEN YOLK" mark and the Service Mark.

18. In December, 2015, a representative from BYC contacted Defendant and informed Defendant of BYC's rights in the "BROKEN YOLK" trademark and Service Mark, as well as the likelihood of confusion in the industry as a result of Defendant's use of the "BROKEN YOLK" mark and Service Mark. On December 2, 2015, BYC sent correspondence to the Defendant requesting that it cease and desist from further infringing use of its marks. See Exhibit D (December 2, 2015 correspondence, enclosures omitted). On December 14, 2015, Defendant (through counsel) acknowledged receipt of BYC's cease and desist request.

19. After initial indications through its counsel that Defendant was willing to change its name, Defendant has since elected to continue its use of the infringing marks.

20. To date, Defendant has failed to cease and desist infringing upon BYC's marks.

21. BYC is informed and believes, and on that basis alleges, that Defendant's continued use of the mark "BROKEN YOLK" and the Service Mark in marketing and advertising is designed to cause confusion, mistake, or deception amongst consumers and the industry, and leads to increased business for Defendant based upon Broken Yolk Café's goodwill.

22. By virtue of their acts and conduct alleged above, Defendant has created injury to Broken Yolk Café's intellectual property, caused by a likelihood of confusion as to the source of origin and sponsorship of Defendant's goods and have otherwise competed unfairly with Broken Yolk Café. Such likelihood of confusion includes, but is not limited to, confusion of consumers and the general public that Defendant's products, which are advertised using the "BROKEN YOLK" mark and Service Mark are directly connected with Broken Yolk Café and its brand.

23. Defendant's acts and conduct alleged have caused damage and irreparable injury to BYC in an amount to be determined at trial. Said acts and conduct will result in further damage and irreparable injury to BYC if Defendant is not restrained by this Court from further violation of BYC's rights, for which BYC has no remedy at law.

## V. CLAIMS FOR RELIEF

## FIRST CLAIM FOR TRADEMARK INFRINGEMENT

24. The allegations of paragraphs 1 through 23 above are repeated and re-alleged as though set forth fully herein.

25. This is a claim for trademark infringement pursuant to 15 U.S.C. § 1051 et seq.

26. BYC is informed and believes, and on that basis alleges that Defendant's use in interstate commerce of the mark "BROKEN YOLK" and the Service Mark on its location, in its marketing, in its advertisements, and on its products is likely to cause confusion, to cause mistake or to deceive customers as to the affiliation, connection or association with the "BROKEN YOLK" trademark of BYC. By the foregoing acts, and continued use of the "BROKEN YOLK" mark and Service Mark, Defendant has infringed BYC's federally-registered "BROKEN YOLK" trademark and Service Mark in violation of 15 U.S.C. § 1114.

27. BYC is informed and believes, and on that basis alleges, that Defendant acted willfully, with intent to trade upon the goodwill and reputation of Broken Yolk Café, and with the intent to cause confusion, to cause mistake or to deceive consumers.

28. BYC is entitled to all of the remedies available under the Lanham Act, including actual damages, and an accounting of Defendant's profits, treble damages, costs and attorneys' fees.

29. Defendant's acts, as alleged above, have caused damage and irreparable injury to BYC in an amount to be determined at trial. Said acts will result in further damage and irreparable injury to BYC if Defendant is not restrained by this Court from further violation of BYC's rights, for which BYC has no adequate remedy at law.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, BYC, Inc., prays for judgment against Defendant as follows:

a. That BYC's "BROKEN YOLK" mark and Service Mark be deemed valid and willfully infringed by Defendant in violation of 15 U.S.C. § 1114, *et seq.*;

b. That Defendant be required to account to BYC for any and all profits derived by it by reason of Defendant's acts complained herein;

c. The Defendant be ordered to pay to BYC all damages which BYC has sustained as a consequence of the acts complained herein, subject to proof at trial;

d. That such damages and profits be trebled and awarded to BYC pursuant to 15 U.S.C. § 1117;

e. That Defendant be ordered to pay to BYC attorneys' fees and costs; and

f. That Defendant, its agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1116, from:

  i. Manufacturing, selling, distributing, marketing, advertising, licensing or

authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "BROKEN YOLK";

ii. Otherwise infringing BYC's trademark rights; and

iii. Causing a likelihood of confusion in the public as to the source or endorsement of Defendant's products.

## SECOND CLAIM FOR FALSE DESIGNATION OF ORIGIN

30. The allegations of Paragraphs 1 through 29 above are repeated and re-alleged as though set forth fully herein.

31. This is a claim for false designation of origin under 15 U.S.C. § 1125(a).

32. BYC is informed and believes, and on that basis alleges, that Defendant's use in interstate commerce of the mark "BROKEN YOLK" and the Service Mark to market and sell services and products constitutes a false designation of origin, and a false description or representation of goods, tending wrongfully and falsely to describe or represent a connection between Broken Yolk Café and Defendant's goods and services. By these acts, Defendant has infringed BYC's federally-registered and common-law trademarks in violation of 15 U.S.C. § 1125(a).

33. Defendant's activities are likely to lead the public to conclude incorrectly that Defendant's products and services are produced by or otherwise associated with Broken Yolk Café or its products or brand to the harm of Broken Yolk Café and consumers.

34. BYC is informed and believes, and on that basis alleges, that Defendant acted willfully, with the intent to trade upon the goodwill and reputation of Broken Yolk Café, and with the intent to cause confusion, to cause mistake or to deceive customers.

35. BYC is entitled to all of the remedies available under the Lanham Act, including actual damages and an accounting of Defendant's profits, treble damages, costs and attorneys' fees.

36. Defendant's acts, as alleged above, have caused irreparable injury to BYC in an

amount to be determined at trial. Said acts will result in further damage and irreparable injury to BYC if Defendant is not restrained by this Court from further violation of BYC's rights, for which BYC has no adequate remedy at law.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, BYC, Inc., prays for judgment against Defendant as follows:

   a. That Defendant be adjudged to have violated the provisions of 15 U.S.C. § 1125(a) by falsely designating the origin of their products;

   b. That Defendant be required to account to BYC for any and all profits derived by it by reason of Defendant's acts complained herein;

   c. The Defendant be ordered to pay to BYC all damages which it has sustained as a consequence of the acts complained herein, subject to proof at trial;

   d. That such damages and profits be trebled and awarded to BYC pursuant to 15 U.S.C. § 1117;

   e. That Defendant be ordered to pay to BYC attorneys' fees and costs; and

   f. That Defendant, their agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1116, from:

   i. Manufacturing, selling, distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "BROKEN YOLK";

   ii. Otherwise infringing BYC's trademark rights;

   iii. Falsely designating the origin of Defendant's products and services; and

   iv. Causing a likelihood of confusion in the public as to the source or endorsement of Defendant's products.

### THIRD CLAIM FOR VIOLATION OF M.G.L. c. 93A, §§ 2 and 11

37. The allegations of Paragraphs 1 through 36 above are repeated and re-alleged as though set forth fully herein.

38. This is a claim for unfair competition arising under Massachusetts General Laws ch. 93A, §§ 2 and 11, *et seq*.

39. By reason of the foregoing acts, Defendant has intentionally caused a likelihood of confusion among the public or has misled or deceived the public and has thus unfairly competed with Broken Yolk Café in violation of M.G.L. c. 93A, §§ 2 and 11.

40. Defendant's violations of M.G.L. c. 93A, §§ 2 and 11 have been willful and knowing since, at the latest, December 14, 2015, when Defendant responded to BYC's cease and desist letter.

41. BYC is entitled to all remedies available under M.G.L. c. 93A, §§ 2 and 11, including treble damages, restitution, disgorgement, and injunctive relief.

42. By reason of Defendant's actions, Defendant has irreparably injured BYC and the consumer recognition and goodwill associated with Broken Yolk Café's products, and such injury will continue unless enjoined by this Court.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, BYC, Inc., prays for judgment against Defendant as follows:

a. That Defendant be adjudged to have unfairly competed with Broken Yolk Café in violation of M.G.L. c. 93A, §§ 2 and 11;

b. That BYC, Inc. be awarded its actual damages for Defendants' violations of M.G.L. c. 93A, §§ 2 and 11;

c. That BYC, Inc. be awarded at least two and up to three times its actual damages for Defendant's willful and knowing violations of M.G.L. c. 93A, §§ 2 and 11;

d. That Defendant be required to account to BYC for any and all profits derived by it by reason of Defendant's acts complained herein;

e. The Defendant be ordered to pay to BYC restitution to restore any lost profits and to deter future misconduct by Defendant;

f. That Defendant be ordered to pay to BYC attorneys' fees and costs; and

g. That Defendant, its agents, servants, employees and attorneys, and all those persons in

active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to M.G.L. c. 93A, §§ 2 and 11, from:

   i. Manufacturing, selling, distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "BROKEN YOLK";

   ii. Otherwise infringing BYC's trademark rights; and

   iii. Causing a likelihood of confusion in the public as to the source or endorsement of Defendant's products.

### FOURTH CLAIM FOR VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *et seq.*

43. The allegations of Paragraphs 1 through 42 above are repeated and re-alleged as though set forth fully herein.

44. This is a claim for unfair competition arising under California Business and Professions Code §§ 17200, *et seq.*

45. By reason of the foregoing acts, Defendant has intentionally caused a likelihood of confusion among the public or has misled or deceived the public and has thus unfairly competed with Broken Yolk Café in violation of California Business & Professions Code §§ 17200, *et seq.*

46. BYC is entitled to all remedies available under California Business & Professions Code sections 17200 *et seq.*, including restitution, disgorgement, and injunctive relief.

47. By reason of Defendant's actions, Defendant has irreparably injured BYC and the consumer recognition and goodwill associated with Broken Yolk Café's products, and such injury will continue unless enjoined by this Court.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, BYC, Inc., prays for judgment against Defendant as follows:

a. That Defendant be adjudged to have unfairly competed with Broken Yolk Café under California Business & Professions Code §§ 17200, *et seq.*;

b. That Defendant be required to account to BYC for any and all profits derived by it by reason of Defendant's acts complained herein;

c. The Defendant be ordered to pay to BYC restitution to restore any lost profits and to deter future misconduct by Defendant;

d. That Defendant be ordered to pay to BYC attorneys' fees and costs; and

e. That Defendant, its agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to California Business & Professions Code §§ 17200, *et seq.*, from:

   i. Manufacturing, selling, distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "BROKEN YOLK";

   ii. Otherwise infringing BYC's trademark rights; and

   iii. Causing a likelihood of confusion in the public as to the source or endorsement of Defendant's products.

## FIFTH CLAIM FOR MASSACHUSETTS COMMON LAW UNFAIR COMPETITION

48. The allegations of Paragraphs 1 through 47 above are repeated and re-alleged as though set forth fully herein.

49. This is a claim for common law unfair competition under the common law of the Commonwealth of Massachusetts.

50. By reason of the foregoing acts, Defendant has unfairly competed with Broken Yolk Café in violation of the common law of the Commonwealth of Massachusetts.

51. Defendant's acts, as alleged above, have caused damage and irreparable injury to BYC in an amount to be determined at trial. Said acts will result in further damage and irreparable injury to BYC if Defendant is not restrained by this Court from further violation of BYC's rights, for which BYC has no adequate remedy at law.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, BYC, Inc., prays for judgment against Defendant as follows:

a. That Defendant be adjudged to have unfairly competed with Broken Yolk Café under

the common laws of the Commonwealth of Massachusetts;

b. That Defendant be required to account to BYC for any and all profits derived by it by reason of Defendant's acts complained herein;

c. The Defendant be ordered to pay to BYC all damages sustained as a consequence of the acts complained of herein, subject to proof at trial; and

d. That Defendant be ordered to pay to BYC attorneys' fees and costs.

## SIXTH CLAIM FOR CALIFORNIA
## COMMON LAW UNFAIR COMPETITION

52. The allegations of Paragraphs 1 through 51 above are repeated and re-alleged as though set forth fully herein.

53. This is a claim for common law unfair competition under the common law of the State of California.

54. By reason of the foregoing acts, Defendant has unfairly competed with Broken Yolk Café in violation of the common law of the State of California.

55. Defendant's acts, as alleged above, have caused damage and irreparable injury to BYC in an amount to be determined at trial. Said acts will result in further damage and irreparable injury to BYC if Defendant is not restrained by this Court from further violation of BYC's rights, for which BYC has no adequate remedy at law.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, BYC, Inc., prays for judgment against Defendant as follows:

a. That Defendant be adjudged to have unfairly competed with Broken Yolk Café under the common laws of the State of California;

b. That Defendant be required to account to BYC for any and all profits derived by it by reason of Defendant's acts complained herein;

c. The Defendant be ordered to pay to BYC all damages sustained as a consequence of the acts complained of herein, subject to proof at trial;

d. That Defendant be ordered to pay to BYC attorneys' fees and costs; and

e. That BYC recover punitive damages pursuant to California Civil Code section 3294.

## **SEVENTH CLAIM FOR TRADEMARK DILUTION**

56. The allegations of paragraphs 1 through 55 above are repeated and re-alleged as though set forth fully herein.

57. This is a claim for trademark infringement dilution to 15 U.S.C. § 1125(c).

58. Based on BYC and Broken Yolk Café's extensive advertising, promotion and marketing, BYC's federally-registered "BROKEN YOLK" mark and Service Mark has become widely recognized by the consuming public of the United States as a designation of the source of products and services provided by Broken Yolk Café.

59. BYC's federally-registered "BROKEN YOLK" mark and Service Mark became famous prior to Defendant's use of the identical "BROKEN YOLK" mark in marketing and advertising.

60. Defendant's use of the mark "BROKEN YOLK" and the Service Mark is likely to cause dilution by blurring, creating a likelihood of association between Broken Yolk Café's famous "BROKEN YOLK" mark and Service Mark and Defendant's products advertised bearing the "BROKEN YOLK" mark.

61. Defendant's use of the mark "BROKEN YOLK" and the Service Mark is likely to impair the distinctiveness of the BYC's "BROKEN YOLK" mark and the Service Mark.

62. In violation of 15 U.S.C. § 1125(c), Defendant willfully intended to trade upon or harm the recognition and reputation of Broken Yolk Café and BYC.

63. BYC is entitled to all of the remedies available under the Lanham Act, including injunctive relief, an accounting of Defendant's profits, treble damages, costs and attorney's fees.

**WHEREFORE,** for the foregoing reasons, the Plaintiff, BYC, Inc., prays for judgment against Defendant as follows:

a. That Defendant be adjudged to have violated the provisions of 15 U.S.C. § 1125(c) by diluting the value of BYC's trademarks;

b. That Defendant be required to account to BYC for any and all profits derived by it by

reason of Defendant's acts complained herein;

c. The Defendant be ordered to pay to BYC all damages which it has sustained as a consequence of the acts complained herein, subject to proof at trial;

d. That Defendant be ordered to pay to BYC attorneys' fees and costs; and

e. That Defendant, its agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined, pursuant to 15 U.S.C. § 1125(c), from:

   i. Manufacturing, selling, distributing, marketing, advertising, licensing or authorizing the manufacture or sale of any products or marketing and advertising materials bearing the mark "BROKEN YOLK"; and

   ii. Otherwise infringing BYC's trademark rights.

## **PRAYER FOR RELIEF AS TO ALL COUNTS**

**WHEREFORE,** for the foregoing reasons, the Plaintiff, BYC, Inc., prays for the following relief:

a. That Defendant be directed to file with this Court and serve BYC within thirty (30) days after the service of any injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with such injunction;

b. That BYC be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, M.G.L. c. 93A, §§ 2 and 11, California Business & Professions Code §§ 17200, *et seq*., and as otherwise provide by law; and

c. That the Court award such other and further relief as it may deem just.

## **VI. DEMAND FOR JURY TRIAL**

Plaintiff, BYC, Inc. hereby respectfully demands trial by on all issues so triable.

Respectfully Submitted on behalf of the Plaintiff,

**BYC, Inc.**
By its Attorneys,

*/s/ Holly M. Polglase*
Holly M. Polglase, Esq., MA BBO No.: 553271
hpolglase@hermesnetburn.com
Matthew E. Bown, Esq., MA BBO No.: 687184
mbown@hermesnetburn.com
Hermes, Netburn, O'Connor & Spearing, P.C.
265 Franklin St., 7th Floor
Boston, Massachusetts 02110
Telephone:    (617) 728-0050
Facsimile:    (617) 728-0052


Dick A. Semerdjian, Esq.*
Owen M. Praskievicz, Esq.*
SCHWARTZ SEMERDJIAN CAULEY & MOOT LLP
101 W. Broadway, Suite 810
San Diego, California 92101
Telephone:    (619) 236-8821
Facsimile:    (619) 236-8827
das@sscmlegal.com
owen@sscmlegal.com

* *Pro hac vice* application to be submitted.

Dated:  March 7, 2016